UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Philip D. Smith, | Civil Action No.: 4:18-cv-01676-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Bryan M Antonelli, | |
| Respondent. | |

Petitioner Philip D. Smith, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing Petitioner's § 2241 petition without prejudice.[1] *See* ECF Nos. 5 & 8.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

In 2010, Petitioner pled guilty in the Northern District of Georgia to possessing a firearm during and in relation to a carjacking,[2] a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and he was sentenced to fifteen years' imprisonment followed by five years' supervised release. He previously filed a § 2255 motion that was denied by the Georgia district court. He is currently incarcerated in this District and has now filed a § 2241 petition challenging his conviction and sentence.

The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he fails to satisfy the savings clause in 28 U.S.C. § 2255(e) and therefore fails to establish that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. R & R at pp. 2–5. In his objections, Petitioner reiterates the claims raised in his § 2241 petition and asserts he should be able to pursue § 2241 relief because he is "actually innocent" of his conviction under 18 U.S.C. § 924(c). *See* ECF No. 8.

Initially, the Court notes Petitioner challenges both his sentence *and* conviction.[3] *See* ECF No.

---

[2] *See* 18 U.S.C. § 2119 (the federal carjacking statute).

[3] The R & R only addresses Petitioner's challenge to his *sentence* and the applicable *Wheeler* test. The Court modifies the R & R to address Petitioner's challenge to his *conviction* and the applicable *Jones* test.

2

1 at p. 1. Regarding Petitioner's challenge to his ***sentence***, the Court must apply the following test:

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) ("the *Wheeler* test"). As explained in the R & R, Petitioner cannot satisfy the second element of the *Wheeler* test because there has been no change in the settled substantive law deemed to apply retroactively on collateral review. Moreover, the Court notes the Fourth Circuit recently held that "federal carjacking qualifies as a crime of violence under the force clause" of 18 U.S.C. § 924(c)(3)(A), *United States v. Evans*, 848 F.3d 242, 245 n.2 (4th Cir. 2017), and therefore Petitioner's argument regarding the residual clause of § 924(c)(3)(B) is immaterial. Thus, Petitioner cannot challenge his ***sentence*** via his § 2241 petition.

Regarding Petitioner's challenge to his ***conviction***, the Court must apply the following test:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) ("the *Jones* test"). Here—and as the Court explained in a prior order dismissing Petitioner's previous § 2241 petition—"Petitioner cannot show § 2255 is inadequate or ineffective because the substantive law has not changed so that his conduct—possessing

3

a firearm during a carjacking in violation of 18 U.S.C. § 924(c)(1)(A)—is no longer criminal." *Smith v. Warden FCI Williamsburg*, No. 4:17-cv-02258-RBH, 2018 WL 636124, at *2 (D.S.C. Jan. 31, 2018). Thus, Petitioner cannot satisfy the *Jones* test and cannot challenge his **_conviction_** via his § 2241 petition.

In sum, Petitioner cannot challenge either his sentence or conviction via his present § 2241 petition because he fails to satisfy the savings clause in 28 U.S.C. § 2255(e). Accordingly, the Court must dismiss his § 2241 petition for lack of jurisdiction. *See Wheeler*, 886 F.3d at 426 (noting "the savings clause requirements are jurisdictional").

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## **Conclusion**

For the above reasons, the Court overrules Petitioner's objections and adopts the Magistrate Judge's R & R [ECF No. 5] as modified herein. Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The

4

Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  The Court **DENIES** Petitioner's Supplemental Motion Requesting Expedited Ruling and Prompt Discharge from Unlawful Custody [ECF No. 12].

    **IT IS SO ORDERED.**


Florence, South Carolina                                             s/ R. Bryan Harwell
October 30, 2018                                                    R. Bryan Harwell
                                                                                     United States District Judge